UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Misty Johnson; | ) C/A No. 6:11-01732-HMH-JDA |
|           Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Sam Kleckley, Owner; | ) |
| Jeff Powell, Owner; | ) |
| Kristen Groce, General Manager, a.k.a Chicken; | ) |
| Overlook Grill, | ) |
|           Defendants. | ) |

Plaintiff, Misty Johnson (Plaintiff), proceeding *pro se*, brings this action against her former employer alleging racial discrimination. Plaintiff states that she made a complaint to Defendant Groce after a co-worker repeatedly used a racially derogatory word in Plaintiff's presence. ECF No. 1, page 3. Plaintiff's employment was terminated in January of 2011, and Plaintiff claims that she was fired in retaliation for complaining about the discriminatory behavior. *Id.* Plaintiff seeks monetary damages. *Id.* at 5. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972);

*Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

The pleading alleges that the Defendants have discriminated against Plaintiff based on her race and fired Plaintiff in retaliation for filing a complaint with Defendant Groce. Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, *et seq.*, creates a federal cause of action for employment discrimination. *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 136-37 (4th Cir. 1995). Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis*, 48 F.3d. at 138 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." *Id.* Thus, a Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999).

The instant Complaint did not allege that Plaintiff had received, or was entitled to, a right-to-sue letter. In her answers to the Court's Special Interrogatories, Plaintiff stated that she filed a complaint with the EEOC in February of 2011, however, Plaintiff still failed to indicate whether she had received a right-to-sue letter. ECF No. 15. Instead, Plaintiff submitted a "determination" letter from the EEOC, dated July 29, 2011, indicating that "informal methods of conciliation" will be attempted with Defendant Overlook Grill. ECF No. 15-1, page 2. The EEOC letter further states that, if "the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission." *Id.* Thus, while Plaintiff has initiated an action with the EEOC, such action remains ongoing and no right-to-sue letter has yet been issued.

The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis*, 48 F.3d. at 140. *See also Puryear v. County of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000)("After a charge is properly filed with the EEOC, the aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."). Where the complaint does not allege that the plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Davis*, 48 F.3d. at 140 (quoting *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). The Fourth Circuit Court of Appeals recently reaffirmed that "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v Calvert*

3

*Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)(citing *Davis*, 48 F.3d. at 138-40); *Middleton v. Motley Rice, LLC*, Civil Action No. 2:08-3256-CWH, 2010 WL 3167360 at *5 n. 8 (D.S.C. Aug. 9, 2010).[1]  As Plaintiff has not yet fully exhausted her administrative remedies, this Court cannot exercise jurisdiction over Plaintiff's claim.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without* prejudice.  Plaintiff's attention is directed to the important notice on the next page.

August 9, 2011                                              s/Jacquelyn D. Austin
Greenville, South Carolina                           United States Magistrate Judge

---

[1] The Court recognizes that *untimeliness* of an administrative charge does not affect federal jurisdiction over a Title VII claim.  *Jones*, 551 F.3d at 300, n.2 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).