IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Misty Johnson, | ) C.A. No. 6:11-01732-HMH-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **OPINION & ORDER** |
| Sam Kleckley, Owner; | ) |
| Jeff Powell, Owner; | ) |
| Kristen Groce, General Manager, | ) |
| a.k.a. Chicken; Overlook Grill, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Misty Johnson ("Johnson"), proceeding pro se, filed a complaint asserting a retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Magistrate Judge Austin recommends dismissing the case without prejudice because Johnson has not fully exhausted her administrative remedies in that "she does not allege that [she] had received, or was entitled to, a right-to-sue letter from the" Equal Employment Opportunity Commission ("EEOC"). (Report & Recommendation 3.) Johnson filed objections and attached a right-to-sue letter from the EEOC. The subsequent issuance of an EEOC right-to-sue letter after the filing of a complaint cures the jurisdictional

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

defect in Johnson's complaint. <u>Henderson v. E. Freight Ways, Inc.</u>, 460 F.2d 258, 260 (4th Cir. 1972) ("While up to the time this 'suit-letter' on the second charge was issued the pending complaint of the employee was properly subject to a motion to dismiss, the issuance of the 'suit-letter' validated the pending action, based on the second charge against both union and employer, and the District Court erred in dismissing it."). Therefore, the court declines to adopt the Report and Recommendation as the jurisdictional defect in the complaint has been cured. This matter is remanded to the magistrate judge for further proceedings.

    **IT IS SO ORDERED**.

                                                                                 s/Henry M. Herlong, Jr.
                                                                            Senior United States District Judge

Greenville, South Carolina
August 23, 2011